IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONNIE LEE WALKER, | § § | |
| *Petitioner*, | § § | |
| v. | § | CIVIL ACTION NO. H-08-3600 |
| RICK THALER, | § § | |
| *Respondent.* | § § | |

**MEMORANDUM OPINION AND ORDER**

Ronnie Lee Walker, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his time calculations and prison line classification status. Respondent filed an answer, which the Court construed as a motion for summary judgment. (Docket Entry No. 13.) Petitioner has responded. (Docket Entries No. 20–22.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this lawsuit for the reasons that follow.

## I. BACKGROUND AND CLAIM

Petitioner was convicted of aggravated rape in 1977 and sentenced to ninety-nine years imprisonment. The conviction was affirmed on appeal in 1979, and discretionary review was not pursued. According to petitioner's pleadings and exhibits, he was promoted in line class status on March 14, 1994, through November 1997, but his time credit earnings

1

were not backdated to reflect the change. (Docket Entry No. 2.) Petitioner states that he filed a time dispute resolution with prison officials in 2006, which was denied. On January 23, 2008, petitioner filed an application for state habeas relief, complaining that the State's "failure to backdate my status time upon promotion in time earning status" constituted an *ex post facto* violation. The Texas Court of Criminal Appeals denied habeas relief on November 19, 2008.

In the instant section 2254 habeas petition, petitioner re-urges his complaint that the State failed to backdate applications of his prison line status promotion, in violation of his *ex post facto* protections. Respondent argues that petitioner's claims are barred by limitations.

## II. ANALYSIS

Petitioner alleges that, in 1994 through 1997, he was given a line status promotion through the prison system that increased his good-time earning potential. He complains, however, that prison officials failed to apply the promotion change in a retroactive fashion, allegedly causing a delay in his supervised release dates. Petitioner asserts that these denials of retroactive application constitute violations of his *ex post facto* protections. Respondent argues that petitioner's habeas claims arising from the 1994 line status change are barred by the federal one-year statute of limitations and must be dismissed.

The instant petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are

2

subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

Limitations commenced in the instant case on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*, § 2244 (d)(1)(D). In the instant case, petitioner's exhibits show that he became aware of, or could have discovered through the exercise of due diligence, the

3

factual predicate of his claims in 1994, upon his receipt of his prison time credit print-outs. (Docket Entry No. 2, Exhibits F, G, H.) Under AEDPA, limitations commenced on petitioner's federal habeas claims regarding the 1994 status line change on April 24, 1996, and expired one year later. *See Evans v. Chavis*, 546 U.S. 189, 200 (2006); 28 U.S.C. § 2244 (d)(1)(D).

Limitations is tolled under the statute during the pendency of a properly filed application for state habeas relief. *Id.*, § 2244(d)(2). However, an application for state habeas relief filed *after* expiration of the federal limitation has no tolling effect. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Because petitioner's time dispute resolution was filed in 2006 and his state habeas application was filed in 2008, they were filed long after the 1997 expiration of limitations as to the 1994 line status promotion and provided no tolling effect for purposes of the instant petition.

Accordingly, petitioner's federal habeas claims for denial of retroactive application of his 1994–1997 line status promotion are barred by limitations. Respondent is entitled to summary judgment dismissal of these claims.

### III. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 13) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 2nd day of November, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE